In the Matter of the Claim of LILLIAN HILLIKER, on Behalf of Herself and Minor Children, Respondent, v. NORTH AMERICAN VAN LINES, INC., et al., Appellants-Respondents, and P. J. GARVEY CARTING & STORAGE, INC., et al., Respondents-Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board Decedent was a long distance truck driver and was killed when his truck went off the road near Irving, New York, on a trip scheduled between Buffalo and Sioux City, Iowa. He was hired by appellant Garvey, a common carrier; but since Garvey had no interstate commerce authorization to carry to Iowa, this shipment was undertaken under a lease of equipment agreement with appellant North American, which had interstate authority. The equipment thus leased was for the "exclusive use, possession and service" of North American which, among other things, had the right to "remove * * * and * * * replace" the driver. The board thus had before it a record fully adequate to determine that Garvey was decedent's general employer and North American his special employer and that for this accident compensation responsibility be shared by the two employers. Appellants argue that the accident did not arise out of or in the course of employment. Route No. 5 was the usual route from Buffalo to Sioux City; but decedent was not directed to follow it. His directions in respect of the trip were to meet a specified schedule of days and within that he could travel at any time consistent with Interstate Commerce Commission regulations as to sleep, or by any reasonable route. The accident occurred a short distance off of Route No. 5, but while the truck was moving in the direction of that road and in the direction of its ultimate destination. This brings the accident fully within the scope of employment. Decedent could have stopped to sleep, or to eat, or for some personal purpose within the wide choice of time and route open to him, and when he resumed his movement toward the ultimate destination he would be within his employment. It is suggested that decedent left the road to deliver some chairs to his mother. But at the time of accident he had not delivered the chairs and he was moving in a direction away from his mother's house toward Sioux City. Even if he had delivered the chairs it could be found that the general employer had consented to such delivery and that this employer's broad agency for the special employer would have been

sufficient to impose a compensation liability on the latter. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.